UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE FALLOWFIELD and | ) | |
| JONATHAN DOUGLAS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-00906-RLY-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant, United States of America ("the Government"), moves to dismiss Plaintiffs' Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction. The Government contends that Plaintiffs Michelle Fallowfield ("Fallowfield") and Jonathan Douglas ("Douglas") (collectively "Plaintiffs") failed to exhaust their administrative remedies prior to filing this lawsuit, in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which governs this lawsuit. Plaintiffs neglected to respond to the Government's Motion to Dismiss.

Plaintiffs originally filed the Complaint in state court, alleging that on July 13, 2009, in Indianapolis, Indiana, Ronald Ciola ("Ciola") negligently drove his vehicle, causing a collision with a vehicle driven by Fallowfield in which Douglas was a passenger. (Docket # 1, Notice of Removal, Ex. A ¶ 1 ("Complaint")). As a result,

Plaintiffs allegedly suffered physical and emotional injuries for which they incurred damages. *Id.* ¶ 3. The Government properly removed the case to this court pursuant to 28 U.S.C. § 2679(d)(1-2) after the United States Attorney for the Southern District of Indiana certified that Ciola was acting within the scope of his employment with the Department of Energy at all times relevant to the Complaint. *See* 28 U.S.C. § 2679(d)(1-2) (upon certification of employment, such a claim is a claim against the United States and shall be removed to the district court of the United States for the district and division in which the action is pending); *see also* (Docket # 1, Notice of Removal, Ex. B ("Certification")).

The FTCA requires claimants to exhaust administrative remedies prior to suing the federal government in tort. 28 U.S.C. § 2675 (a). First, a plaintiff must file a claim with the appropriate Federal agency within two years after the claim accrues. *See* 28 U.S.C. §§ 2401(b), 2675(a). A claimant may not file an FTCA claim against the United States until the agency either denies the claim or fails to make a final disposition within six months. *Id.* at § 2675(a). If a claimant fails to exhaust these administrative remedies, the court lacks subject matter jurisdiction over the FTCA claim. *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000).

According to Pamela Thurman of the Department of Energy, Plaintiffs have not filed a claim with the Department of Energy regarding the alleged July 13, 2009, collision with Ciola; therefore, they have not exhausted their administrative remedies. (*See* Defendant's Ex. 1, Affidavit of Pamela Thurman). Because Plaintiffs failed to exhaust

administrative remedies prior to filing this suit, this court lacks subject matter jurisdiction over their FTCA claim.  *See McNeil*, 508 U.S. at 111.  Accordingly, the Government's Motion to Dismiss (Docket # 6) is **GRANTED**, and Plaintiffs' Complaint is dismissed without prejudice.

 **SO ORDERED** this 2nd day of December 2010.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Christopher Allan Moeller
HAUSMANN-MCNALLY, S.C.
cmoeller@mcinjurylaw.com

Rodney Alan Tucker
MCNALLY LAW OFFICES, S.C.
rtucker@mcinjurylaw.com